IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GAITHER JEROME HARRIS, :
 :
    Plaintiff :
 :
VS. :
 : NO. 5:06-CV-238 (DF)
Ms. McKINNLEY, Warden BATTLE, :
Deputy Warden WILLIAMS, Cpt. COOK, :
Officers COSTA and BATTLE, : PROCEEDINGS UNDER 42 U.S.C. §1983
P.A. FLURRY, and Sergeant IVEY, : BEFORE THE U. S. MAGISTRATE JUDGE
 :
    Defendants : **ORDER & RECOMMENDATION**

Plaintiff **GAITHER JEROME HARRIS**, an inmate at Lee State Prison in Leesburg,

Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.  His application to proceed

*in forma pauperis* has been granted by separate order entered this date.

## I.  STANDARD OF REVIEW

### A.  28 U.S.C. § 1915(e)(2)

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds:  (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

law or fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  In determining whether a cause of

action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil

Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be

granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II.  BACKGROUND

Plaintiff, who suffers from severe back pain and spasms, makes a wide variety of allegations against the various defendants regarding his treatment during his two month stay at Bostick State Prison. Although plaintiff failed to complete the relief section of his complaint, presumably he seeks monetary damages from the defendants.

The following are plaintiff's claims which are directed to specific defendants.

## III.  DISCUSSION

### A.  Ms. McKinnley

Plaintiff alleges that Ms. McKinnley, "Warden of Medical Health Care," ignored plaintiff's medical history and required him to work on a painting detail. Plaintiff appears to allege that said detail caused him great pain. Plaintiff's allegation that McKinnley assigned plaintiff to a task beyond his physical capability, liberally construed, states a claim under section 1983. Accordingly, plaintiff's claim against McKinnley shall go forward.

### B.  Warden Battle and Deputy Warden Williams

Plaintiff alleges that he informed Warden Battle and Deputy Warden Williams of his worsening back condition.  According to plaintiff, these defendants ignored his request for treatment.  Despite the fact that plaintiff has presented few facts to support a claim against Warden Battle and Deputy Warden Williams, the Court finds that plaintiff's claim may go forward.

### C.  Captain Cook

Plaintiff alleges that on January 27, 2006, Captain Cook escorted plaintiff to a deposition.  According to plaintiff, he was handcuffed so tightly his circulation was cut off for several hours.  When plaintiff told defendant Captain Cook that the handcuffs were hurting his wrists, Captain Cook replied "good."  Although plaintiff's ability to prevail upon the merits is by no means certain, the Court cannot conclude that plaintiff's claim against Captain Cook is frivolous at this juncture.

### D.  Officers Costa and Battle

Plaintiff alleges that Officer Costa denied plaintiff dinner on January 23, 2006, and that Officer Battle denied plaintiff breakfast the following day.

Plaintiff's allegations are too trivial to state a claim.  If plaintiff is to be believed, he was denied meals on only two occasions.  While plaintiff may have been hungry for several hours, this isolated occurrence does not give rise to a level of constitutional significance.  Moreover, plaintiff has not alleged that he has suffered from any serious health problems or other injury as a result of missing two meals.  Accordingly, it is **RECOMMENDED** that plaintiff's claims against Officers Costa and Battle be **DISMISSED** and that they be **DISMISSED** as defendants herein.

Under 28 U.S.C. § 636(b)(1), plaintiff may serve and file written objections to these recommendations with the district judge to whom this case is assigned, WITHIN TEN (10) DAYS after being served a copy of this order.

### E.  P.A. Flurry

Plaintiff alleges that P.A. Flurry briefly examined plaintiff but refused to allow plaintiff  to see a back doctor or to receive his medications.  Although the Court has serious doubts about the validity of plaintiff's claims against P.A. Flurry, the Court will nevertheless allow this claim to go forward at this time.

### F.  Sergeant Ivey

Plaintiff alleges that Sergeant Ivey threatened, verbally abused, and made plaintiff stand against a wall as punishment, apparently for hours, which aggravated plaintiff's back.  Mere threats or verbal abuse do not amount to a violation of a federal constitutional right.  *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir.), *cert. denied*, 464 U.S. 988 (1983).  However, insofar as plaintiff's allegations pertain to being forced to stand against a wall for hours as punishment, said claim is colorable and will be allowed to go forward against Sergeant Ivey.


### **SERVICE**

Accordingly, it is hereby **ORDERED AND DIRECTED** that service be made as provided by law upon **Ms. McKINNLEY, WARDEN BATTLE, DEPUTY WARDEN WILLIAMS, CAPTAIN COOK, P.A. FLURRY,** and **SERGEANT IVEY**, and that they file a **WAIVER OF REPLY**, an **ANSWER**, or such other response as may be appropriate under Rule 12 of the Federal Rules of Civil Procedure, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.

It is further **ORDERED AND DIRECTED** that a copy of this order be served upon plaintiff's custodian, if any.

### DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, each party shall at all times keep the Clerk of this court and all opposing attorneys and/or parties advised of his current address.  **FAILURE TO PROMPTLY ADVISE THE CLERK OF ANY CHANGE OF ADDRESS MAY RESULT IN THE DISMISSAL OF A PARTY'S PLEADINGS FILED HEREIN!**

☞               ### DUTY TO PROSECUTE ACTION

Plaintiff is advised that he must <u>diligently</u> prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the FEDERAL RULES OF CIVIL PROCEDURE for failure to prosecute.  Defendants are advised that they are expected to <u>diligently</u> defend all allegations made against them and to file timely dispositive motions as hereinafter directed.  This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### FILING AND SERVICE OF MOTIONS, PLEADINGS, DISCOVERY AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of court;  to serve copies of <u>all</u> motions, pleadings, discovery, and correspondence (<u>including letters to the Clerk or to a judge</u>) upon opposing parties or counsel for opposing parties if they are represented;  and to attach to said original motions and pleadings filed with the Clerk a **CERTIFICATE OF SERVICE** indicating <u>who</u> has been served and <u>where</u> (i.e., at what address), <u>when</u> service was made, and how service was accomplished (i.e., by U. S. Mail, by personal service, etc.).

THE CLERK OF COURT WILL NOT SERVE OR FORWARD COPIES OF SUCH MOTIONS, PLEADINGS, AND CORRESPONDENCE ON BEHALF OF THE PARTIES!

### DISCOVERY

PLAINTIFF SHALL NOT COMMENCE DISCOVERY UNTIL AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED ON BEHALF OF THE DEFENDANTS FROM WHOM DISCOVERY IS SOUGHT BY THE PLAINTIFF.  THE DEFENDANTS SHALL NOT COMMENCE DISCOVERY UNTIL SUCH TIME AS AN ANSWER OR DISPOSITIVE MOTION HAS BEEN FILED.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE. The deposition of the plaintiff, a state prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed **WITHIN 90 DAYS** from the date of filing of an **ANSWER** or **DISPOSITIVE MOTION** by the defendant(s), unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendants and granted by the court. This **90 DAY** period shall run separately as to each plaintiff and each defendant beginning on the date of filing of each defendant's answer/dispositive motion. The scheduling of a trial herein may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

DISCOVERY MATERIALS SHALL <u>NOT</u> BE FILED WITH THE CLERK OF COURT. **NO PARTY SHALL BE REQUIRED TO RESPOND TO ANY DISCOVERY NOT DIRECTED TO HIM OR SERVED UPON HIM BY THE OPPOSING COUNSEL/PARTY!** The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:  <u>except with written permission of the court first obtained</u>, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests to each party.  <u>No party shall be required to respond to any such requests which exceed these limitations</u>.

### REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a **SEPARATE MOTION** therefor accompanied by a brief/memorandum of law citing supporting authorities. DISPOSITIVE MOTIONS should be filed at the earliest time possible, but in any event no later than **THIRTY (30) DAYS** after the close of discovery unless otherwise directed by the court.

### DIRECTIONS TO CUSTODIAN OF PLAINTIFF

Following the payment of the required initial partial filing fee or the waiving of the payment of same, the Warden of the institution wherein plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

IT IS FURTHER ORDERED AND DIRECTED that collection of monthly payments from plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of plaintiff's lawsuit or the granting of judgment against him prior to the collection of the full filing fee.

### PLAINTIFF'S OBLIGATION TO PAY FILING FEE

Pursuant to provisions of the ***Prison Litigation Reform Act***, in the event plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; plaintiff shall continue to remit monthly payments as required by the ***Prison Litigation Reform Act***. Collection from the plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event plaintiff is released from custody and fails to remit payments. In addition, plaintiff's complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

### ELECTION TO PROCEED BEFORE THE
### UNITED STATES MAGISTRATE JUDGE

Under **Local Rule 72**, all prisoner complaints filed under provisions of 42 U.S.C. §1983 are referred to a full-time United States Magistrate Judge for this district for consideration of all <u>pretrial</u> matters.  In addition, 28 U.S.C. §636(c)(1) authorizes and empowers full-time magistrate judges to conduct any and <u>all</u> proceedings in a jury or nonjury civil matter <u>and</u> to order the entry of judgment in a case upon the <u>written</u> <u>consent</u> of all of the parties.  Whether the parties elect to proceed before a magistrate judge or retain their right to proceed before a U. S. district judge is strictly up to the parties themselves.

☞    After the filing of responsive pleadings by the defendants, the Clerk of court is directed to provide **ELECTION FORMS** to the parties and/or to their legal counsel, if represented.  Upon <u>receipt</u> of the **ELECTION FORMS**, each party shall cause the same to be executed and returned to the Clerk's Office WITHIN FIFTEEN (15) DAYS.  Counsel may execute **ELECTION FORMS** on behalf of their clients provided they have such permission from their clients.  However, counsel <u>must</u> specify on the **ELECTION FORMS** on whose behalf the form is executed.

**SO ORDERED AND RECOMMENDED**, this 20th day of JULY, 2006.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

## ADDENDUM TO ORDER

<div style="border:2px solid black; padding:8px; text-align:center; font-size:1.4em;">

# NOTICE TO ALL PARTIES

</div>

PURSUANT TO THE COURT'S ORDER REGARDING DISCOVERY SET OUT ABOVE, NO DISCOVERY SHALL BE PERMITTED IN THIS CASE UNTIL AN ANSWER OR DISPOSITIVE MOTION (e.g., MOTION TO DISMISS, MOTION FOR SUMMARY JUDGMENT, MOTION FOR JUDGMENT ON THE PLEADINGS) HAS BEEN FILED BY THE DEFENDANT.

PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE, DISCOVERY (DEPOSITIONS, INTERROGATORIES, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS, REQUESTS FOR ADMISSIONS, ETC., AND RESPONSES THERETO) SHALL NOT BE FILED WITH THE CLERK OF COURT.  NOTE THAT THIS IS A CHANGE IN THE PROCEDURE HERETOFORE FOLLOWED IN THIS DISTRICT.

DO NOT FILE ANY DISCOVERY WITH THE COURT UNLESS YOU ARE SPECIFICALLY DIRECTED TO DO SO BY THE COURT OR UNLESS FILING IS NECESSARY TO SUPPORT OR CONTEST A MOTION TO COMPEL DISCOVERY, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION. THE CLERK IS DIRECTED TO RETURN ANY SUBMITTED DISCOVERY TO THE PARTY SUBMITTING IT UNLESS IT IS FILED PURSUANT TO AN ORDER OF THE COURT OR IN SUPPORT OF A MOTION TO COMPEL, OBJECTION TO DISCOVERY, DISPOSITIVE MOTION, OR SIMILAR MOTION.