IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GAITHER JEROME HARRIS,

        Plaintiff

VS.

MS. McKINLEY, *et al.*,

        Defendants

NO. 5:06-CV-238 (DF)

**PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE**

# O R D E R

Plaintiff GAITHER JEROME HARRIS herein has requested this court to provide legal representation for him in the above- captioned proceeding (Tab #19). Generally speaking, no right to counsel exists in §1983 actions. *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Hardwick v. Ault*, 517 F.2d 295, 298 (5th Cir. 1975); *Meckdeci v. Merrell National Laboratories*, 711 F.2d 1510, 1522 n.19 (11th Cir. 1983). It is a privilege that is justified only by exceptional circumstances. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982); *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir.1982); *Ulmer v. Chancellor*, 691 F.2d 209 (5th Cir. 1982).

In deciding whether legal counsel should be provided, the court typically considers, among other factors, the merits of the plaintiff's claim and the complexity of the issues presented. *See Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989). Applying the standards set forth in *Ulmer*, *supra*, it appears that at the present time, the essential facts and legal doctrines in this case are ascertainable by the plaintiff without the assistance of court-appointed legal counsel and that the existence of exceptional circumstances has not been shown by the plaintiff. The court <u>on its own motion</u> will consider assisting plaintiff in securing legal counsel <u>if and when</u> it becomes apparent that legal assistance is required in order to avoid prejudice to his rights. Accordingly, plaintiff Harris' motion for appointment of legal counsel (Tab #19) is **DENIED** at this time.

Also before the court is plaintiff Harris' second MOTION TO COMPEL DISCOVERY (Tab #20) which appears to actually be a Motion for Production of Documents. In the court's July 20, 2006 Order, the parties were advised that discovery is <u>not</u> to be filed with the court; rather, the parties should seek discovery from one another without court assistance. Until an opposing party **refuses to provide** information as requested, the court will take no action in a discovery matter.[1] Accordingly, what has been denominated as plaintiff's MOTION TO COMPEL DISCOVERY (Tab #20) is DENIED.

Additionally, the plaintiff's motions for appointment of counsel (Tab #19) and for discovery (Tab #20) were not accompanied with a certificate indicating that service has been made on opposing counsel as is also required by the court's July 20, 2006 order. In the future, any filing that is not accompanied by an appropriate certificate of service will denied <u>without a review of its content</u>.

SO ORDERED, this 20th day of DECEMBER, 2006.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1] *See* Local Rule 37, providing that "Motions to compel disclosure or discovery will not be considered unless they contain a statement certifying that movant has in good faith conferred or attempted to confer with the opposing party in an effort to secure the information without court action."