IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GAITHER JEROME HARRIS,

        Plaintiff

VS.

MS. McKINLEY, *et al.*,

        Defendants

NO. 5:06-CV-238 (HL)

PROCEEDINGS UNDER 42 U.S.C. §1983
BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Plaintiff GAITHER JEROME HARRIS herein has filed a MOTION IN OPPOSITION TO DEFENDANTS SUMMARY JUDGMENT. Tab #80. In that pleading, which looks to be dated June 10, 2007, plaintiff asserts that he has been denied the paper and envelopes for a period of three weeks that are necessary for his response. Tab #80 at ¶3. Plaintiff has also filed a MOTION TO REQUEST COURT ORDER TO LAW LIBRARY AND INDIGENT SUPPLIES. Tab #79. In this motion, which is dated June 20, 2007, plaintiff again asserts that he has been denied library time and indigent supplies and makes the statement that "Plaintiff's GDC records will show/prove to the court that he has not received indigent supplies in 3 weeks." Tab #79 at ¶7.

The defendants have provided the court with the records the plaintiff requested (Tab #77 and exhibits attached thereto), and the records demonstrate that the plaintiff has had sufficient law library time and has been given indigent supplies on many occasions, including on June 1, 2007, which was within three weeks of the date of both of the plaintiff's filings.[1] The undersigned is cognizant that delays in receiving indigent supplies and a denial of time in the law library can substantially impede an inmate-plaintiff's ability to litigate. However, based on the numerous records provided by the defendants in this case, there does not appear to have been any unreasonable delay or denial of the plaintiff's ability to research or file.

---

[1]There is no indication of any indigent supplies being given to or kept from the plaintiff since June 1.

Accordingly, the plaintiff's motion to stay the defendants' motion for summary judgment and motion for court order(Tabs #79 and #80) are **DENIED** and his response to their motion must be filed with the Clerk by **July 9, 2007** pursuant to the court's Order dated June 5, 2007 (Tab #73). If the plaintiff can point to a denial of his constitutional right to litigate in the time since the defendants' motion was filed, the undersigned will reconsider denying the plaintiff's motion to stay the period in which he must respond to the defendants' motion. If, however, after asserting such a denial of constitutional right, the court finds that the plaintiff's claims are fabricated or exaggerated, <u>the plaintiff's entire case will be subject to dismissal</u>.

The plaintiff's Motion for Reconsideration (Tabs #63) and second motion for the undersigned's recusal (Tab #76) are **DENIED.**

Finally, the plaintiff has filed a Motion for a Temporary Restraining Order (TRO) which has been amended and/or supplemented. Tabs #71 and #78. Plaintiff's motion for TRO is a rambling 23 page document that has been supplemented by another five pages. It alleges, among other things, that he is kept in"filthy, grimy cells," is harassed while he is at medical, and is unjustly being kept in isolation. The motion also requests drug testing and mental evaluations for GDC staff. The supplement to the motion includes a request for the court to "investigate why GDC takes inmates' money" and requests the court to send him the findings of that investigation.

A temporary restraining order (TRO) or preliminary injunction is a drastic remedy used primarily for maintaining the status quo of the parties. ***Cate v. Oldham***, 707 F.2d 1176, 1185 (11th Cir. 1983). A TRO or injunctive relief is only appropriate where the movant demonstrates that (1) there is a substantial likelihood of success on the merits; (2) the TRO or injunction is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm that the TRO or injunction would cause to the non-movant; and (4) the TRO or injunction would not be adverse to the public interest. ***Parker v. State Board of Pardons and Paroles***, 275 F.2d 1032, 1035 (11th Cir. 2001). Furthermore, injunctive relief will not issue unless the complained of conduct is imminent and no other relief or compensation is available is available. ***Cunningham v. Adams***, 808 F.2d 815, 821 (11th Cir. 1987).

Plaintiff has failed to show that a TRO is necessary to prevent any injury, much less an irreparable injury, other than very general statements regarding how loss of constitutional rights is irreparable injury. Moreover, the motion for TRO appears to deal with many of the issues that are the basis of the case at hand, where in the view of the undersigned, there is not a "substantial likelihood" of success on the merits. Accordingly, IT IS RECOMMENDED that the plaintiff's motion for temporary restraining order (Tab #71) be **DENIED**.

Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 27th day of JUNE, 2007.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE