IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GAITHER JEROME HARRIS,

                Plaintiff

VS.                        NO. 5:06-CV-238 (HL)

MS. McKINLEY, *et al.*,

                Defendants    PROCEEDINGS UNDER 42 U.S.C. §1983
                                                  BEFORE THE U. S. MAGISTRATE JUDGE

## ORDER AND RECOMMENDATION

Plaintiff GAITHER JEROME HARRIS, an inmate incarcerated at Bostick State Prison ("BSP") for all times relevant to the instant case, has sued the defendants herein, alleging that they have — in various ways — violated his eighth amendment right to be free from cruel and unusual punishment.

Before the court are eight motions pending in the above-styled case, including the defendants' MOTION FOR SUMMARY JUDGMENT. Tab #64. After a thorough review of the facts and law — and for the reasons set forth below — the undersigned RECOMMENDS that the defendants' MOTION FOR SUMMARY JUDGMENT be **GRANTED**. In light of this Recommendation, the plaintiff's remaining pending motions are therefore **DENIED** as MOOT.[1]

---

[1] A number of these "motions" would more be appropriately captioned differently (as responses or replies), as they do not ask for any specific relief. Nonetheless, as they are docketed as motions, they must be ruled on. These pleadings include two motions for reconsideration (Tabs #70 and #116); two motions objecting to previous orders (Tabs #99 and #107); a motion requesting a district judge's ruling (Tab #108); a motion objecting to the defendants' response to a previously filed motion for production of documents (Tab #109); a motion requesting an investigation by the Georgia Bureau of Investigation (Tab #115). These motions are DENIED to the extent that the undersigned has authority to rule on them; in the alternative IT IS RECOMMENDED that they be DENIED.

## SUMMARY JUDGMENT STANDARD

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c);* ***Warrior Tombigbee Transportation Co. v. M/V Nan Fung***, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See* ***Van T. Junkins & Assoc. v. U.S. Industries, Inc.***, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. ***Hairston v. The Gainesville Sun Publishing Co.***, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. ***Welch v. Celotex Corp.***, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. ***Clark v. Coats & Clark, Inc.***, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[2]

---

[2] *See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

**FACTS AND DISCUSSION**

Although the plaintiff was advised of his duty to provide evidence beyond the pleadings in order to make an issue of fact for this court when ruling on the defendants' Motion for Summary Judgment, plaintiff Harris has failed to provide *any* evidence on his behalf. The only evidence supporting any of the plaintiff's contentions is found in his deposition which was cut short by defendants' counsel. Tab #69. Accordingly, the defendants' motion is unopposed as to all factual contentions regarding WARDEN BATTLE or MS. MCKINLEY, and IT IS THEREFORE RECOMMENDED that summary judgment be **GRANTED** as to those two defendants.

**1. Medical Care**

Viewed in the light most favorable to plaintiff Harris, the facts as shown through the plaintiff's deposition and the defendants' exhibits show the following: Plaintiff was incarcerated at BSP from December 15, 2005 through February 1, 2006. Before being transferred to BSP, Harris had been diagnosed with degenerative disk disease and mild foraminal encroachment for which the plaintiff had received ibuprofen, Robaxin, and multivitamins. Upon being transferred in to BSP, Harris was seen in medical. His medications were discontinued,[3] but his restrictions from his previous place of incarceration — no sports, no heavy lifting, no wellness walk, and soft shoe — were continued. On January 4, 2006, defendant GREGORY FLURY, a physician's assistant, prescribed Motrin for plaintiff Harris for his back pain and modified the plaintiff's medical restrictions. These restrictions included no prolonged standing and no heavy lifting but did not include a lay-down pass because Harris could stand for some period of time. Flury did not make arrangements for the plaintiff to see a doctor regarding his back pain.

---

[3] It is unclear who exactly discontinued the plaintiff's medication, but for the reasons that follow, such is not an eighth amendment violation.

In order to state a claim for a violation of the eighth amendment's right to be free of cruel and unusual punishment, an inmate must show that the defendants acted with deliberate indifference towards his medical needs. *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999). "[D]eliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Id.* at 1255 (internal punctuation and citations omitted).

The evidence before the court shows that the medical staff at BSP treated Harris adequately for the duration of his incarceration at that institution. His medical restrictions were retained from his previous institution, and they were modified once defendant Flury had an opportunity to review the plaintiff's condition.

Although the staff at BSP did take away the plaintiff's medications, plaintiff has not placed any evidence in the record to show that such a denial constituted the "wanton and unneccessary infliction of pain" required in order to state an eighth amendment claim. *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). In fact, after the plaintiff had been at BSP for two weeks, defendant Flury put the plaintiff on Motrin to ease his back pain. Because defendant Flury thought that the plaintiff's back condition required a non-prescription pain-killer, the question before this court is whether the denial of a non-prescription pain killer over the course of two weeks represents an eighth amendment violation. Such a denial, while it may result in substantial discomfort to the plaintiff, does not "violate[] contemporary standards of decency," and therefore does not represent an eighth amendment violation. *Helling v. McKinney*, 509 U.S. 25, 36 (1993).

While the plaintiff may disagree with the treatment that was afforded him, a disagreement in the course of medical treatment alone does not constitute deliberate indifference. *Harris v. Thigpen*, 941 F. 2d 1495 (11th Cir. 1991). Accordingly, IT IS RECOMMENDED that summary judgment be **GRANTED** with respect to all of the plaintiff's claims regarding his medical care at BSP.

**2. Handcuffs**

While he was incarcerated at BSP, plaintiff Harris was transported to a deposition while wearing shackles and/or handcuffs. He relates that the handcuffs were very tight on his wrists and caused him some pain over the course of two hours. Harris alerted defendants Ivey, Cook, and Williams of the situation with his handcuffs; however, none of them took any action.

The Supreme Court has held that "routine discomfort is part of the penalty that criminal offenders pay for their offenses against society." *Hudson v. McMillan*, 503 U.S. 1, 9 (1992) (internal quotations and citations omitted). *Hudson* further provides that "only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.*

Accordingly, the plaintiff's allegations of his handcuffs' being too tight does not represent an eighth amendment violation. *See also Wesson v. Oglesby*, 910 F.2d 278 (5th Cir. 1990) (finding that a inmate's wrists' being cuffed to the point that they swell and bleed is not deliberate indifference).

**3. Standing**

While Harris was at BSP, he was forced to stand in a corner for a period of fifteen minutes and was given several disciplinary reports when he sat down and refused to stand. Forcing an inmate with a profile stating that he cannot stand for more than 30 minutes at a time to stand for a period of 15 minutes clearly does not represent an eighth amendment violation.

## CONCLUSION

Accordingly, IT IS RECOMMENDED that the defendants' Motion for Summary Judgment (Tab #64) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this RECOMMENDATION with the district judge to whom this case is assigned **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO ORDERED AND RECOMMENDED this 15th day of FEBRUARY, 2008.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE