IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

GAITHER JEROME HARRIS, :
:
    Plaintiff, :
:
v. : 5:06-cv-238 (HL)
:
MS. MCKINLEY, et al., :
:
    Defendants. :
:

## ORDER

### I. INTRODUCTION

Before the Court is Plaintiff's Motion for Leave to Appeal (Doc. 123),[1] Motion for Preliminary Injunction (Doc. 125), Motion to Appoint Counsel (Doc. 126), and Motion to Amend/Correct Response to Court Order (Doc. 128). For reasons set out fully below, the Motion for Leave to Appeal is granted, the Motion for Preliminary Injunction and Motion to Appoint Counsel are denied, and the Motion to Amend is denied as Moot.

### II. ANALYSIS

---

[1] On March 11, 2008 this Court adopted the Magistrate Judge's Report and Recommendation and granted Defendants' Motion for Summary Judgment. Plaintiff did not file timely objections to the Report and Recommendation, but his Motion for Leave to Appeal cites alleged mail tampering as the reason for his failure to object. The Court could construe Plaintiff's Motion for Leave to Appeal as untimely objections. After consideration of the arguments contained in the Motion, the Court finds that the Report and Recommendation would have nonetheless been adopted over these objections. The Court therefore declines to consider the Motion as untimely objections and instead construes it as it is styled, i.e., as a Motion for Leave to Appeal.

**A. Motion for Leave to Appeal**

Pursuant to Federal Rule of Appellate Procedure 4, a party seeking appeal must file a notice of appeal with the district court clerk within 30 days after entry of the judgment. Fed. R. App. P. 4(a)(1). Here, the judgment from which Plaintiff seeks to appeal was entered on March 12, 2008. Plaintiff's time within which to file his notice of appeal expired 30 days thereafter, on Monday, April 14, 2008. Although Plaintiff dated his notice of appeal April 14, 2008, it was not received by this Court until May 5, 2008, 21 days after April 14, 2008. According to Plaintiff, he never received a copy of the judgment from which he seeks to appeal. Plaintiff appears to attribute his never receiving a copy of the judgment to ongoing mail tampering by prison officials.

There are two grounds for excusing a late appeal. A district court may extend the time to appeal if: (1) a party so moves no later than 30 days after the original notice of appeal was due; and (2) the party shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5)(A). The district court may also reopen the time to file an appeal if plaintiff can show: (1) he did not receive notice of the entry of judgment within 21 days after entry;(2) he moved for an extension within 180 days of entry of the judgment or within 7 days of his receipt of such notice, whichever is earlier; and (3) no party would be prejudiced by an extension of the appeal period. Fed. R. App. P. 4(a)(6); see also Gupta v. Walt Disney World Co., 2008 WL 846113 (11th Cir. Mar. 31, 2008).

The reopening of Plaintiff's appeal would be appropriate based upon either of the

2

above grounds. Plaintiff's "Motion to Appeal" was filed on May 5, 2008, within the 30-day period prescribed by Rule 4(a)(5)(i), and Plaintiff's allegation that he did not receive a copy of the March 12, 2008, judgment satisfies the excusable neglect element of this rule. Moreover, it is appropriate to reopen Plaintiff's appeal under Rule 4(a)(6). Plaintiff did not receive notice of final judgment and he filed his "Motion to Appeal" within 180 days of entry of the judgment. The Court further finds that 21 days was not a long delay and therefore no party should be prejudiced by reopening Plaintiff's appeal. Plaintiff's Motion for Leave to Appeal is therefore granted.

### B. Motion to Amend

Plaintiff also filed a Motion to Amend his Response to the Court's May 15, 2008 Order. That Order directed him to answer a number of questions. Plaintiff's Motion to Amend states that he inadvertently left out the answer to one of the questions, although it is not clear to which question he is referring. The Court has granted Plaintiff's Motion for Leave to Appeal based on the date that the Motion was filed with the Court. Because the Motion for Leave to Appeal has been granted regardless of any additional date Plaintiff seeks to add to his Response, the Motion to Amend is denied as moot.

### C. Motion for Preliminary Injunction

Plaintiff requests a preliminary injunction against Defendants. He enumerates fourteen different injunctions for a variety of alleged constitutional violations. A

preliminary injunction, however, is clearly not available at this stage of the litigation. In order to obtain this relief, a litigant must show (1) a substantial likelihood of success on the merits of the underlying case, (2) that the movant will suffer irreparable harm without the injunction, (3) the harm to the movant of not issuing the injunction would be greater than the harm to the non-movant of issuing the injunction, and (4) the injunction would not be contrary to the public interest. North Am. Med. Corp. v. Axiom Worldwide, Inc., 522 F.3d 1211 (11th Cir. 2008). The most obvious insurmountable hurdle to issuing a preliminary injunction in this case is that Plaintiff has not established a likelihood of success on the merits since summary judgment has been granted against him. See Order of March 11, 2008. Plaintiff's Motion for Preliminary Injunction is therefore denied.

### D. Motion to Appoint Counsel

A district court has discretion to request that an attorney represent an indigent litigant. 28 U.S.C.A. § 1915(d); see also Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 326 (1989) (holding that the statute does not allow a court to require an unwilling attorney to accept the appointment). These litigants do not, however, have a statutory or constitutional right to appointed counsel. See Tabron v. Grace, 6 F.3d 147, 153 (no statutory right); Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993) (no constitutional right).

> Appointment of counsel in civil cases is . . . a privilege "justified only by exceptional circumstances," such as the presence of "facts and legal issues [which] are so novel or complex as to require the assistance of a trained

> practitioner." [Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir.1987)]. The key is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.

Kilgo, 983 F.2d at 193.

The claims in this case present no especially complex facts or legal arguments. In addition, the Court has placed no onerous procedural burdens on Plaintiff. C.f. Kilgo, 983 F.2d at 193 (calling district court's insistence that plaintiff comply with complex procedures "daunting"). Although Plaintiff's claims would no doubt be easier to prosecute with the assistance of an attorney, the same is true for virtually all litigants who proceed pro se. This reason is therefore not sufficient to create the "exceptional circumstances" that are necessary to justify appointment in a civil case. Plaintiff's requests for appointment of counsel is therefore denied.

### III. CONCLUSION

Plaintiff is permitted to appeal this Court's ruling, however he must do so without the assistance of counsel. In addition, the Motion for Preliminary Injunction is denied.

So ordered, this the 3rd day of July, 2008.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

tch